UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

GREENLANE RENEWABLES NORTH
AMERICA LIMITED,

CASE NO: 2:24-cv-14031

    Plaintiff,

v.

VENTURE ENGINEERING &
CONSTRUCTION, INC.,

    Defendant.
_____/

## AMENDED COMPLAINT

Plaintiff Greenlane Renewables North America Limited f/k/a Greenlane Biogas North America Limited ("Greenlane" or "Plaintiff") sues Venture Engineering & Construction, Inc. ("Venture" or "Defendant") and alleges:

## INTRODUCTION

1. Greenlane is a pioneer in the renewable natural gas (RNG) market. As a leading global provider of biogas upgrading systems, Greenlane assists waste producers, gas utilities, and project developers do more with biogas, helping them turn a low-value product into a high-value low-carbon and carbon-negative renewable resource. Greenlane provided its cutting-edge biogas products and services to Venture to aid it with the Larson Farms Project, but it has since been unable to collect for all the goods, services, and benefits it provided. This action seeks to remedy Defendant's breach of contract and unjust enrichment.

## THE PARTIES

2. Greenlane is a foreign limited company organized and existing under the laws of British Columbia, Canada with its principal place of business in British Columbia, Canada. Greenlane is the wholly owned subsidiary of Greenlane Renewables Inc., a corporation incorporated and organized under the laws of British Columbia, Canada with its principal place of business in Canada.[1]

3. Defendant Venture is a Pennsylvania corporation organized and existing under the laws of the state of Pennsylvania with its principal place of business in Warrendale, Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this case because the amount of damages sought by Greenlane, exclusive of any attorneys' fees, costs, and expenses, exceeds $75,000 and complete diversity of citizenship exists between Plaintiff and Defendant, as Plaintiff is a foreign limited company under the laws of British Columbia, Canada with its principal place of business in British Columbia, Canada, and Defendant is a foreign corporation incorporated under the laws of Pennsylvania with its principal place of business in Warrendale, Pennsylvania.

5. This Court has personal jurisdiction over the Defendant because it is registered to do business in Florida and operates, conducts, engages in and carries on business in Florida. Defendant also entered into a contract that complies with section 685.102, Fla. Stat., and breached that contract in Florida by failing to perform acts required by the contract to be performed in Florida, giving this Court jurisdiction.

---

[1] Canadian limited companies are akin to U.S. corporations and should be treated as such for the purposes of determining citizenship. However, even if the Court treated Greenlane as an unincorporated entity, Greenlane's sole member is Greenlane Renewables Inc., a Canadian company with its principal place of business in Canada.

2

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
333 Southeast Second Avenue ■ Miami, FL 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the below claims occurred in this District.

## FACTUAL ALLEGATIONS

7. In 2020, Brightmark LLC ("Brightmark") approached Larson Dairy Inc. ("Larson Farms"), a dairy farm in Okeechobee, Florida, and proposed to them a business solution for using the cow manure on the farm to create a renewable natural gas that can be sold to third parties. This entailed the installation of biogas upgrading systems on the farm that would capture excess methane from the manure through the process of anaerobic digestion and convert it to biomethane (the "Larson Farms Project").

8. Brightmark contracted with Defendant Venture for the procurement, installation, and commissioning of the biogas systems. In turn, Defendant Venture sought out Greenlane, as a leading global provider of biogas upgrading systems, to supply and commission the equipment for the biogas upgrading systems needed for the Larson Farms Project.

9. To that end, on October 5, 2020, Greenlane and Venture (the "Parties") entered into an equipment supply and servicing agreement by which Greenlane would supply to Venture four (4) digester gas treatment equipment packages for Larson Farms Barns 3-5 and 8 (the "Barns") and commission the packages for $5,770,000. *See* Purchase Order No. C20-1086-01-002 and its exhibits, including the General Terms and Conditions of Contract, and any change orders, attached as **Composite Exhibit 1** (the "Contract").[2]

10. Per the Contract, Venture assumed the responsibility of preparing the Delivery Location, properly maintaining the equipment upon delivery, installing the equipment, and providing other elements and work not within Greenlane's scope. *See* Contract at Ex. B Scope of

---

[2] Any terms not defined in the Complaint shall have the same definitions as in the Contract.

3

Work. Moreover, once Greenlane delivered the equipment to Venture, the risk of loss passed to Venture, i.e., Venture was responsible for the delivered Goods. *See id*. at § 11. Following Venture's installation and maintenance of the equipment, Greenlane was tasked with commissioning the equipment, running a Performance Test, and handing over the functioning upgrading biogas systems to Venture. *See id.*

11. Venture was to pay Greenlane for amounts due under the Contract within thirty (30) days from receipt of an invoice from Greenlane. And, if Venture had received an invoice but had not received payment from Brightmark due to Venture's non-performance, Venture was obligated to mitigate the payment delay to Greenlane by directing Brightmark to pay the invoice to Greenlane on its behalf. *See* Contract at Ex. B § 9. Further, the Contract required Venture to pay shipping costs incurred by Greenlane. *See id*. at § 7.

12. Pursuant to Section 9 of the Contract, Venture was required to make six "Milestone Payments," calculated as percentages of the Contract price, to Greenlane upon the occurrence of the following enumerated events:

   a. 10% immediately upon receipt by [Venture] of Order signed by [Greenlane];
   b. 20% after technical package has been approved by Buyer;
   c. 20% after receipt of major material (specifically PSA Vessels at factory) as verified by [Venture's] inspection;
   d. 20% upon ready to ship as verified by [Venture's] inspection;
   e. 20% upon acceptable receipt of Goods at Delivery Location; and
   f. 10% after successful Performance Tests of the Goods.

13. In parallel with Venture making Milestone Payments as the six events occurred, the Contract required that Greenlane, following Venture's acceptance and installation of the Goods, "conduct or cause to be conducted the Performance Test associated with the Goods as soon as practicable." *See* Contract at Ex. F Performance Test ¶ 1.

4

14. In accordance with the Contract and further agreement of the Parties, Greenlane began delivering the equipment to Venture on June 10, 2021, and finished delivering the equipment for the last Barn (Barn 5) on October 9, 2021. *See* June 22, 2023 Warranty Certificates, attached hereto as **Composite Exhibit 2**.

15. Though Greenlane complied with the Contract and finished delivering the equipment in October 2021 (which Venture accepted), Venture failed to adequately prepare the Delivery Location and complete proper installation of the equipment by, among other things, failing to properly store the equipment pending installation by leaving it on unprepared ground in open fields, failing to properly wire the Barns where the equipment would be placed, failing to install adequate water sources, incorrectly installing essential piping, incorrectly installing certain analyzers, incorrectly installing a flare actuator, and installing inadequate telecommunications for consistent system connections and communications between Barns.

16. Venture's failure to adequately prepare the Delivery Location resulted in the equipment being left out in an open field, in some cases for over a year, without cover or protection against the elements, causing rusting and other disrepair.

17. Finally, in July 2022, Venture sought to expedite the commissioning process in order to make up for delays in the installation of the equipment and to enable the Larson Farms Project to operate, generating gas (and therefore revenue), sooner. Due to this, the Parties agreed to a modification of the Contract in the form of a change order ("Change Order BCR-006") that addressed the extraordinary resources Greenlane was forced to mobilize for the Larson Farms Project to get back on track and deliver a functioning plant on an accelerated timetable. *See* Contract at Exhibit 1(a).

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
333 Southeast Second Avenue ■ Miami, FL 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717

18. As a result of Venture's deficiencies, Greenlane's costs significantly increased as Greenlane had to remediate, or wait for Venture to remediate, Venture's deficiencies while meeting the accelerated schedule requested by Venture. Ultimately, Greenlane was forced to increase its work effort, dedicate more resources, and extend the time spent on the Larson Farms Project.

19. After exerting substantial resources and time to get the Larson Farms Project back on track, Greenlane completed the final Milestone event when it completed the Performance Test on May 9, 2023, and turned over the plant to Venture on June 27, 2023.

20. Despite Greenlane fully performing all of its obligations and responsibilities under the Contract, and even providing additional support and work to accelerate commissioning via Change Order BCR-006, as requested by and benefited by Venture, Venture has refused to pay Greenlane $2,332,607.72 in outstanding invoices. *See* **Composite Exhibit 3** (statement of outstanding invoices and copies of the twenty (20) outstanding invoices).

21. To date, ***over two years*** since Greenlane's oldest invoice became due, Venture has continued to refuse to pay Greenlane for services rendered on the Larson Farms Project, including the final Milestone Payment for conducting and passing the Performance Test. Neither has Venture directed Brightmark to pay Greenlane directly for monies due and owing to it by Venture.

22. Accordingly, Greenlane has suffered and continues to suffer damages in at least the amount of $2,332,607.72, plus interest, and attorneys' fees and costs it incurred to be made whole, including bringing this lawsuit.

## COUNT I – BREACH OF CONTRACT

23. Plaintiff repeats and reincorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
333 Southeast Second Avenue ■ Miami, FL 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717

24. The Contract is a valid and enforceable contract.

25. Venture breached the Contract by, *inter alia*, failing to prepare the Delivery Location, failing to timely and properly install the equipment and ancillary structures and services following equipment delivery, failing to properly maintain the equipment, failing to pay Greenlane amounts due to Greenlane in the amount of $2,332,607.72, and failing to direct Brightmark to pay Greenlane the outstanding amounts owed.

26. Venture's breach of the Contract was material.

27. Greenlane has suffered damages as a result of this breach.

WHEREFORE, Greenlane respectfully requests entry of a final judgment against the Venture, awarding compensatory damages, attorney's fees and costs, pre- and post-judgment interest, and any further relief the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

28. Greenlane repeats and reincorporates the allegations contained in paragraphs 1 through 22 as if fully set forth herein.

29. Greenlane pleads this unjust enrichment claim in the alternative to Count I.

30. Greenlane conferred a benefit on Venture by delivering the biogas upgrading systems equipment, remediating Delivery Location deficiencies, commissioning the equipment, expending a significant amount of effort, resources, and time servicing the Larson Farms Project over and above the initially contemplated agreement as evidenced by Change Order BCR-006, conducting the Performance Test, and ultimately turning over a fully functioning plant to Venture.

31. Venture accepted the benefit of Greenlane's goods, services, resources, and efforts.

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
333 Southeast Second Avenue ■ Miami, FL 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717

32. Venture did not know how to properly install, service, or maintain the upgraded biogas systems, and it was Greenlane's services and actions, as described in this Complaint, that enabled Venture to successfully comply with its contract with Brightmark.

33. The surrounding circumstances make it such that it would be inequitable for Venture to retain the benefit of the goods and services of Greenlane without compensating Greenlane for those goods and services.

WHEREFORE, Plaintiff respectfully requests entry of a final judgment against the Venture, awarding compensatory damages, attorney's fees and costs, pre- and post-judgment interest, and any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 15, 2024

Respectfully submitted,

By: */s/ Evelyn A. Cobos*

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0521
Facsimile: (305) 579-0717
**EVELYN A. COBOS**
Florida Bar No. 92310
Email: evelyn.cobos@gtlaw.com
          orizondol@gtlaw.com
          flservice@gtlaw.com
**GABRIEL A. DIAZ**
Florida Bar No. 1030750
Email: gabriel.diaz@gtlaw.com
          flservice@gtlaw.com

8

GREENBERG TRAURIG, P.A. ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
333 Southeast Second Avenue ■ Miami, FL 33131 ■ Tel 305.579.0500 ■ Fax 305.579.0717